IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-98-CR-0370-M |
| | § | NO. 3-02-CV-2132-M |
| MARK JULIAN EDMONDS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Mark Julian Edmonds, a federal prisoner, has filed a Rule 60(b) motion to set aside an order of the United States Court of Appeals for the Fifth Circuit denying a certificate of appealability in a prior section 2255 proceeding. For the reasons stated herein, the motion should be dismissed for lack of subject matter jurisdiction or, alternatively, construed as a successive 2255 motion and dismissed without prejudice pending authorization by a three-judge panel of the court of appeals to file the motion in district court.

The lengthy procedural history of this case is set out in the magistrate judge's December 12, 2003 recommendation denying defendant's section 2255 motion for post-conviction relief. *See United States v. Edmonds*, No. 3-98-CR-370-M (N.D. Tex. Dec. 12, 2003) (Doc. #173). In that motion, defendant challenged his conviction and 327-month sentence for unlawful receipt of ammunition by a felon on multiple grounds, including ineffective assistance of counsel for failing to raise a Speedy Trial Act violation on appeal. Following an evidentiary hearing, the magistrate judge determined that although the defendant's speedy trial rights were violated, he was not prejudiced by counsel's failure to raise the issue on appeal because it was unlikely the indictment

would have been dismissed with prejudice, thereby allowing the government to file a superseding indictment against defendant and prosecute him on the ammunition charge. *See id.*, rec. at 7-8. That recommendation was adopted by the district judge initially and on reconsideration. *See* Orders, 3/16/04 & 9/1/04. A certificate of appealability ("COA") was denied by the district court, *see* Order, 12/14/04, and the Fifth Circuit. *United States v. Edmonds*, No. 04-11199 (5th Cir. Nov. 15, 2005). Now, more than five years later, defendant seeks Rule 60(b) relief with respect to the denial of a COA by the court of appeals. According to defendant, the circuit judge who denied the COA "perpetrated fraud upon the court" by misrepresenting the law and the facts, by failing to apply a *de novo* standard of review, and by conspiring to deprive him of his legal rights. (*See* Def. Mot. at 3-4).

The court *sua sponte* observes that it lacks jurisdiction to grant the relief requested by defendant. "Rule 60 of the Federal Rules of Civil Procedure provides a vehicle for a litigant to seek reconsideration of a decision *by the same court which had originally rendered that decision.*" *Johnson v. Director, TDCJ-CID*, No. 6-10-CV-0498, 2010 WL 4720872 at *1 (E.D. Tex. Nov. 15, 2010) (citing cases) (emphasis added). Here, defendant asks the district court to set aside an order issued by the Fifth Circuit. No such authority exists under the law.

To the extent defendant wants this court to revisit its judgment denying his section 2255 motion, the request must be treated as a successive motion for post-conviction relief. *See e.g. Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (collateral attack on federal criminal conviction is generally limited to a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1156 (1999) (motions brought by federal prisoners under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, may be treated as section 2255 motions); *Wells v. United*

*States*, No. 3-07-CV-1152-G, 2007 WL 2192487 (N.D. Tex. Jul. 27, 2007) (treating Rule 60(b) motion in criminal case as successive section 2255 motion). Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal prisoner may file a second or successive motion for post-conviction relief based on:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). However, authorization must be obtained from a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider a successive section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## **RECOMMENDATION**

Defendant's Rule 60(b) motion should be dismissed for lack of subject matter jurisdiction or, alternatively, construed as a successive 2255 motion and dismissed without prejudice pending authorization by a three-judge panel of the court of appeals to file the motion in district court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 24, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE